UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11036-RWZ

TIMOTHY M. LEE,

v.

TOWN OF DARTMOUTH, *et al.*

MEMORANDUM OF DECISION & ORDER

February 21, 2020

ZOBEL, S.D.J.

    In an eight-count complaint asserting contract, tort, statutory and constitutional violations, plaintiff Timothy M. Lee ("Lee") contends that members of the Select Board of the Town of Dartmouth (the "Town") slandered, defamed, degraded, and publicly embarrassed him by disclosing and criticizing the terms of a prior settlement between Lee and the Town and his related medical leave of absence. The only defendants named, The Town of Dartmouth, Dartmouth Select Board, Frank S. Gracie III, and John P. Haran separately move to dismiss the counts in which each is named.[1] Docket ## 7, 12, 14.

---

[1] Plaintiff's complaint also included several unnamed defendants, but they were never identified or named in any count.

1

**I. Background[2]**

From March 2010 through June 2016, Lee was the Chief of Police for the Town of Dartmouth. During his tenure, he placed an employee, Frank Condez, on administrative leave to investigate allegations that Condez had installed pirated software on the police department computer system. Condez lashed out by lodging a series of complaints against Lee, one of which accused him of stealing his police-issued firearm. Condez was eventually terminated. These accusations took a toll on Lee, who went on medical leave from the Town's employ beginning in 2014. Eventually he sued Condez and the Town in federal court (the "Federal Case"). Following a successful mediation, the parties executed a final settlement agreement on February 6, 2017. As part of the settlement, Lee agreed to be bound by confidentiality and non-disparagement clauses, but the Town did not make parallel promises.

In the instant case, Lee alleges that members of the Town's Select Board disclosed the terms of this settlement agreement and made comments critical of Lee and the settlement. In particular:

- During a February 27, 2017 Select Board's meeting, defendant "Haran stated that he wanted to 'explain' to the public that he voted against settling the Lee Federal Case due to his 'beliefs' concerning Condez's alleged missing/stolen firearm." Docket # 1-2 ¶ 31.

---

[2] Consistent with Rule 12, the court adopts the well-pleaded facts from plaintiff's complaint.

- During the same meeting, defendant "Gracie claimed to be 'disturbed' that there was only a 'cursory,' 'improper,' and 'ineffective' investigation concerning Condez's alleged missing/stolen handgun by the DPD." Id. ¶ 34.

- It was public knowledge that Lee was responsible for the stolen gun investigation, so the defendants' comments cast a shadow over Lee's law enforcement career. Id. ¶¶ 36-37.

- During a March 13, 2017 Select Board's meeting, defendant Haran, referring to Lee's medical leave, "attributed Lee's '$160,000 pension' to 'stress.'" Id. ¶ 38.

- The Select Board publicized the terms of the settlement agreement of the Lee Federal Case, highlighting the asymmetry of Lee's confidentiality and non-disparagement restrictions. Id. ¶ 45.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 570).

For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013). However, the court does not accept as true allegations that, though "not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).

### III. Discussion

#### a. Count I: First Amendment Retaliation under 42 U.S.C. § 1983

Lee contends his filing of and participation in litigating the Federal Case is protected speech under the First Amendment. Because this speech was not made "as a citizen upon matters of public concern," but instead involved Lee's personal claims against Condez and the Town, defendants' motion to dismiss Count I is ALLOWED. Connick v. Myers, 461 U.S. 138, 147 (1983).

#### b. Count II: Invasion of Privacy under Mass. Gen. Laws ch. 214 § 1B

Because Lee's medical leave of absence was already public knowledge before Haran commented on it, Haran's motion to dismiss Count II is ALLOWED. Rodrigues v. EG Sys., Inc., 639 F. Supp. 2d 131, 134 (D. Mass. 2009).

#### c. Count III: Negligent Infliction of Emotional Distress under Massachusetts Tort Claims Act

Defendants' motions to dismiss Count III are ALLOWED because "a reasonable person would [not] have suffered emotional distress" from disclosure of the already-public fact of his medical leave and mild criticism of an internal investigation he

conducted.  Payton v. Abbott Labs, 437 N.E.2d 171, 181 (Mass. 1982).  Moreover, because the Massachusetts Tort Claims Act (Mass. Gen. Laws ch. 258) applies only to "[p]ublic employers," defendants Haran and Gracie, who are sued in their individual capacities on this count, cannot be liable.

### d. Count IV: Intentional Infliction of Emotional Distress

Haran and Gracie's motions to dismiss Count IV are ALLOWED because their alleged statements do not rise to the level of "extreme and outrageous" conduct necessary to state a claim.  Agis v. Howard Johnson Co., 355 N.E.2d 315, 318-19 (Mass. 1976).

### e. Count V: Defamation

Haran and Gracie's allegedly defamatory statements were either pure opinion (with respect to the stolen gun investigation) or were clearly grounded in truth (with respect to Lee's medical leave and the terms of settlement of the Federal Case) and therefore cannot be defamatory.  Heagney v. Wong, 915 F.3d 805, 813-14 (1st Cir. 2019); Scholz v. Delp, 41 N.E.3d 38, 45 (2015).  Their motions to dismiss Count V are ALLOWED.

### f. Count VI: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff has stipulated to the dismissal of Count VI.  Docket # 24 at 8.

### g. Count VII: Unjust Enrichment

The Town's motion to dismiss Count VII is ALLOWED because it cannot be unjustly enriched by the performance of a valid settlement agreement that Lee himself

5

agreed to.  Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 130 (1st Cir. 2006) ("Massachusetts law does not allow litigants to override an express contract by arguing unjust enrichment.").

### h. Count VIII: Civil Conspiracy

Haran and Gracie's motions to dismiss Count VIII are ALLOWED because the complaint lacks any allegations of concerted or coordinated action; joint tortious activity is not enough to state a claim for conspiracy.  Thomas v. Harrington, 909 F.3d 483, 490 (1st Cir. 2018).

## IV.  Conclusion

Defendants' motion to dismiss (Docket ## 7, 12, 14) are ALLOWED as to all claims.  Judgment may be entered dismissing the case.


February 21, 2020                          /s/ Rya W. Zobel
   DATE                                     RYA W. ZOBEL
                                  SENIOR UNITED STATES DISTRICT JUDGE